IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WEST POINT UNDERWRITERS, LLC,
   Plaintiff,

  *v.*            No. 12-0205-JTM

ALERITAS CAPITAL CORP., *et al*.
   Defendants.


MEMORANDUM AND ORDER


This is an action by plaintiff West Point Underwriters (WPU) seeking to give effect to an arbitration decision that a $3 million loan WPU received from Aleritas Capital Corporation in 2005 was procured by fraud. The matter is before the court on the Motion to Intervene by Kendall State Bank. For good cause shown, the motion is hereby granted.

The facts before the court establish that WPU obtained the commercial loan agreement (CLA) in 2005 from Aleritas, but the loan was almost immediately sold to other financial institutions. According to the terms of the original loan, such lenders were to be deemed "absolute owners of [their] interests in the Loan," and WPU agreed that such participating lenders could enforce their rights without condition. Indeed, WPU agreed that a participating lender might do so "irrespective of any personal claims or defenses that [WPU] might have against [Aleritas]."

Aleritas sold its entire interest in the WPU loan. Kendall bought an interest in the WPU loan through a participation agreement the same day the loan was issued. The

participation agreement specifies that, as to each participation share, the lender "will be considered for all purposes the legal and equitable owner of the above Share in the loan … and will possess all applicable rights, privileges and remedies."

After it sold the CLA, Aleritas continued to provide administrative services (for a fee) until September, 2008, when it assigned that right to Kendall. At that time, Aleritas had become insolvent, or nearly so. Kendall has administered the loan since that time.

WPU consistently dealt with Kendall since the September, 2008 transfer, sending payments to Kendall. It also sent supporting loan documentation, such as financial statements and tax returns, to Kendall through its consulting firm, Quivira Capital. Since Kendall became the administrator of the loan, WPU has not had any commercial contact with Aleritas.

Prior to the present action, WPU has sought to annul its loan obligations through other proceedings. On January 5, 2010, WPU commenced an action against Aleritas in the Supreme Court of Orange County, New York alleging that fraudulent inducement by Aleritas. Kendall moved to intervene in the action, and leave was granted over WPU's opposition. The court ruled that WPU had a real interest in the loan, and that it could enforce the loan's forum selection clause to require all disputes to be resolved in Kansas. *West Point Underwriters v. Aleritas Capital*, No. 202/10 (N.Y. Sup.Ct. Orange County, May 3, 2011).

On June 7, 2010, Kendall brought an action in this court to enforce its rights, alleging breach of contract by WPU. *Kendall State Bank v. West Point Underwriters*, No. 10-2319-JTM. Prior to the reassignment of the case to the undersigned, Judge Belot

denied WPU's Motion to Dismiss the action, finding that WPU "agreed to the enforcement of the CLA by a participant bank." (Dkt. 14, at 4). WPU has subsequently amended its Answer to assert by counterclaim the same fraudulent inducement theory advanced in the New York action.

While litigation was proceeding in both New York and Kansas, WPU commenced an arbitration action against Aleritas. The award, rendered on January 31, 2012, found for WPU on its fraudulent inducement theory, and that WPU's obligations on the loan were rescinded. The arbitration was wholly *ex parte*. The defunct Aleritas made no appearance, and WPU was given no notice of the arbitration until after the award and the subsequent filing of the present civil action.

Kendall seeks intervention both as of right, pursuant to Fed.R.Civ.Pr. 24(a), and permissively under Rule 24(b). The court finds the facts presented by Kendall clearly support intervention of right,[1] and accordingly it need not resolve the separate question of permissive intervention.

Rule 24(a) authorizes intervention by a non-party who claims a substantial legal interest in the litigation, where that interest might be impaired if intervention is not allowed.

The interest that is protected is determined on a practical basis, and "is measured in terms of its relationship to the property or transaction that is the subject of the action,

---

[1] The court acknowledges that WPU contests some of the facts presented by Kendall. But intervention under Rule 24(a) is governed by the claims advanced by Kendall, and the possibility of impairment in the absence of intervention. None of WPU's factual assertions bear on these questions. Further, the court's factual conclusions are consistent with the court's separate Order denying WPU's Motion to Strike Affirmative Defenses in Case No. 10-2319-JTM (Dkt. 145, at 2-4).

not in terms of the particular issue before the district court. *WildEarth Guardians v. National Park Services*, 604 F.3d 1192, 1198 (10th Cir. 2010) (citing *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1252 (10th Cir.2001).

The requirement to show an impairment is a "minimal burden," *Id. at* 1199. The intervenor need not show that the impairment is certain to occur, only that such impairment is a distinct possibility. *Id.* Further, the impairment need not be "of a strictly legal nature." *Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Department of Interior*, 100 F.3d 837, 844 (10th Cir. 1996) (quoting *Natural Resources Defense Council, Inc. v. United States Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir.1978)). It is sufficient if the "practical effect" of the litigation would be to impair the interest of the would-be intervenor. *WildEarth*, 604 F.3d at 1198.

Kendall has such an interest, and it meets this minimal burden. The effect of the arbitration award would be to directly prevent Kendall's right to recover payments under the CLA. As noted above, the loan agreement effectively places Kendall into the position of Aleritas. It is granted absolute ownership of its interest in the loan, and is entitled to enforce its rights irrespective of any claims WPU might assert against Aleritas.

Further, Kendall's rights are not adequately protected in the absence of intervention. Aleritas has ceased operations, and has wholly failed to defend itself in the legal proceedings commenced by WPU, including the present action.

WPU presents no substantial reason that Kendall fails to meet the standards for intervention set forth by Rule 24(a). As noted above, Kendall's interest need not be a

direct legal interest in the subject of the action, and it is sufficient if the result of the litigation may, in practice, impair its interests.

WPU does argue, however, that intervention should be denied as Kendall has no standing to challenge the arbitration award under the Federal Arbitration Act, 9 U.S.C. §§ 10, 11, and *Hall Street Associates v. Mattel, Inc.*, 522 U.S. 576, 584 (2008), because any such intervention would be futile, and because Kendall's claims are conclusory. The court finds that these arguments either lack merit or are premature. None of the arguments is sufficient to deny intervention.

While the FAA substantially narrows the field upon which an arbitration award may be challenged, it does not eliminate such challenges. As the court noted in its Opinion denying WPU's Motion to Strike in Case No. 10-2319, an award may be challenged for a variety of "judicially created reasons," including "violations of public policy, manifest disregard of the law, and denial of a fundamentally fair hearing." Order, at 6 n. 2 (quoting *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001)). Kendall makes precisely such challenges to the award in question. More importantly, the FAA and *Hall* establish restrictions on the ability of *participants* to the arbitration to challenge the ultimate award. They do not circumscribe the ability of non-participants to challenge the propriety or validity of the ruling. *See Hugs & Kisses, Inc., v. Aguirre*, 220 F.3d 890, 892-93 (8th Cir. 2000). The court concludes that Kendall has standing to challenge the arbitration award.

The court also finds that intervention will materially advance rather than delay the ultimate just resolution of the dispute between the parties. Kendall's Motion to

Intervene need not spell out its claims with the level of particularity required for other pleadings; it is sufficient for present purposes that it demonstrates jurisdiction, standing, and satisfies the requirements of Rule 24(a).

IT IS ACCORDINGLY ORDERED this 13th day of September, 2012, that the Motion to Intervene is hereby granted.

                                                  s/ J. Thomas Marten
                                                  J. Thomas Marten, Judge